1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9
10
11

MICHELLE BUDWIG, an individual,

     Plaintiff,

v.

ALLEGIANT AIR, LLC and DOES 1 to 100, inclusive,

     Defendants.

12
13
14
15
16
17
18

CASE NO. 1:18-cv-01068-LJO-EPG

**ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONTINUE**

(ECF No. 44)

19
20
21
22

     Before the Court is Plaintiff's request to reconsider its order granting in part and denying in part Plaintiff's motion to continue the hearing on Defendant's motion for summary judgment. (ECF No. 44; *see* ECF Nos. 39, 43.) The motion was filed on Friday, March 13, 2020. Defendant opposes the request for reconsideration. (ECF No. 45.)

23
24
25
26
27
28

     "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

1    Plaintiff has failed to meet the standard for reconsideration. Plaintiff cites to the declaration of a

2    national emergency due to the Coronavirus outbreak, declarations by the State of California regarding the

3    virus, the closure of additional schools, various advisory precautions issued by government agencies

4    seeking to slow the spread of the virus, and that Plaintiff's counsel has been fighting a cold and also has

5    asthma and is over 60 years of age. The Court agrees that the Coronavirus outbreak is a serious health

6    issue. However, again, Plaintiff's counsel has not indicated that he has COVID-19, or that he has been

7    exposed to the virus, nor has he indicated that he has been personally affected by any other disruptions

8    caused by the Coronavirus outbreak. Plaintiff's counsel also does not describe how electronically filing

9    an opposition brief increases any risk to his health.

10    Plaintiff's opposition was initially due on March 13, 2020. Thus, as noted previously, when

11    Plaintiff's counsel sought a continuance late in the evening on March 11, the opposition was presumably

12    nearly finished given that it was due only two days later. Plaintiff had Defendants' motion for summary

13    judgment for more than three weeks by that time.  Additionally, the Court has already granted Plaintiff a

14    brief extension to file his brief given the concerns raised in Plaintiff's original request.

15    Since the Court issued its order granting in part and denying in part Plaintiff's motion for a

16    continuance, Plaintiff's counsel has filed a request for reconsideration, and two different reply briefs in

17    support of reconsideration, demonstrating that Plaintiff has the ability and time to draft and file briefs.

18    Indeed, over the last four days, Plaintiff's counsel has now filed six separate briefs on the issue of the

19    deadline for the opposition.  Plaintiff's counsel clearly has the ability to prepare and file briefs with the

20    Court.

21    The Court does not find the circumstances at issue here warrant reconsideration. Plaintiff has not

22    provided the Court with newly discovered evidence justifying a further extension of time. Plaintiff also

23    has not demonstrated that the Court committed clear error in granting in part and denying in part

24    Plaintiff's motion for a continuance. Finally, Plaintiff has not demonstrated that filing the opposition

25    brief in the additional time already provided would put Plaintiff's counsel at greater health risk.

26    Plaintiff's counsel has the ability and indeed is required to file the opposition brief electronically and also

27    may appear at the hearing telephonically.

28    \\\

The Court finds that Plaintiff has not met the standard for reconsideration of the Court's previous order granting in part and denying in part Plaintiff's request for a continuance. Accordingly,

IT IS ORDERED that Plaintiff's request for reconsideration (ECF No. 44) is DENIED.

IT IS SO ORDERED.

Dated:   **March 16, 2020**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE